**IN THE COURT OF APPEALS OF IOWA**

No. 14-1118
Filed September 17, 2014

**IN THE INTEREST OF A.S.,**
**Minor Child,**

**T.P., Father,**
**Appellant,**

**C.S., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

The father appeals the termination of his parental rights to his child, A.S.

**AFFIRMED.**

Joel Walker, Davenport, for appellant father.

Jennifer Olsen, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie A. Walton, Assistant County Attorney, for appellee State.

Meghan Corbin of Gomez May L.L.P., Davenport, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**VOGEL, J.**

The father appeals the termination of his parental rights to his child, A.S., asserting that it is not in her best interest that his rights be terminated. Because the father is incarcerated and has not demonstrated there is a bond between him and A.S., we affirm the juvenile court's termination of his parental rights.[1]

A.S., born May 2011, first came to the attention of the Florida Department of Human Services in November 2012. The mother had fled from Iowa to Florida with A.S. to avoid a warrant for her arrest and so she could avoid testifying against her paramour. Florida authorities found the mother and A.S. homeless, with no money, and without basic necessities. A.S. was removed from the mother's care and placed in a foster home. She was adjudicated a child in need of assistance pursuant to Florida law on January 28, 2013. She was transferred to Iowa in February 2013, pursuant to an order dated February 8, 2013, and placed with another foster family, where she remained at the time of the termination hearing.

The father has a long criminal history and at the time of the termination hearing was incarcerated due to a conviction for possession with intent to deliver a controlled substance.[2] He has never met A.S. He has nine children and does not have custody of any of them. Due to this lack of contact, the State petitioned the juvenile court to terminate the father's parental rights. On June 16, 2014, following a contested hearing, the court terminated the father's parental rights

---

[1] The mother's rights were also terminated. Though she appealed as well, her appeal was dismissed.
[2] The juvenile court noted the father expected to be released in August 2014, an observation based on the father's testimony during the termination hearing.

pursuant to Iowa Code section 232.116(1)(d), (e), (h), and (i) (2013). The father appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.*

The father admits to not knowing A.S. and does not contest any of the grounds on which the juvenile court terminated his parental rights. However, he contends his rights should not be terminated because once released from prison, he will have the "opportunity to fully connect with his children and family." This argument rings hollow when assessing A.S.'s best interests. *See* Iowa Code § 232.116(2). There is no bond between the father and A.S., and it is not in her interest to wait for the father to be released from prison for them to then— potentially—establish a bond. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (noting the courts must look at the child's long-range as well as immediate interests); *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up."). Consequently, the juvenile court properly terminated the father's parental rights, and we affirm.

**AFFIRMED.**